09-3302-ag
Kazmi v. Holder

BIA
Straus, IJ
A079 076 416

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9ᵗʰ day of August, two thousand ten.

PRESENT:
>
> JOSÉ A. CABRANES,
> DEBRA ANN LIVINGSTON,
> DENNY CHIN,
> _Circuit Judges_.

_____

ZAIN UL ABIDIN KAZMI,
        _Petitioner_,

        v.                                    09-3302-ag
                                              NAC
ERIC H. HOLDER, JR., U.S. ATTORNEY
GENERAL, JANET NAPOLITANO, SECRETARY
OF U.S. DEPARTMENT OF HOMELAND
SECURITY,
        _Respondents_.

_____

FOR PETITIONER:        Kevin E. Dehghani, New Haven, Connecticut.

FOR RESPONDENTS:       Tony West, Assistant Attorney General; Jennifer Levings, Senior

**Litigation Counsel**; **Tim Ramnitz, Attorney**, **Office of Immigration Litigation, Washington D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Zain Ul Abidin Kazmi, a native and citizen of Pakistan, seeks review of the July 9, 2009, order of the BIA affirming the November 8, 2007, decision of Immigration Judge ("IJ") Michael W. Straus denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In Zain Ul Abidin Kazmi*, No. A079 076 416 (B.I.A. July 9, 2009), *aff'g* No. A079 076 416 (Immig. Ct. Hartford, CT Nov. 8, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Because the BIA affirmed and supplemented the IJ's decision, we review both the IJ's and BIA's decisions. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

2

Title 8, Section 1158(a)(3) of the United States Code provides that no court shall have jurisdiction to review the agency's finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B), or its finding of neither changed nor extraordinary circumstances excusing the untimeliness under 8 U.S.C. § 1158(a)(2)(D). Notwithstanding that provision, however, we retain jurisdiction to review constitutional claims and "questions of law." 8 U.S.C. § 1252(a)(2)(D). Kazmi argues that the BIA committed legal error by failing to address his challenge to the IJ's pretermission of his asylum application. However, the BIA explicitly found that Kazmi "failed to file an application for asylum within one year of last entry, and failed to show extraordinary circumstances relating to the delay, or changes in country conditions or [Kazmi's] circumstances that materially affected his eligibility for asylum." To the extent Kazmi seeks to challenge this finding, we are without jurisdiction to consider it. *See* 8 U.S.C. § 1158(a)(3). Nor has Kazmi raised a constitutional claim or question of law sufficient to fall under § 1252(a)(2)(D).

The BIA also did not err in finding that Kazmi failed

3

to establish a well-founded fear of persecution if returned to Pakistan.  Kazmi waived any challenge to the BIA's finding that he could safely relocate within Pakistan by failing to raise the issue in his opening brief.  This is true despite Kazmi's brief discussion of the BIA's internal relocation finding in his reply brief.  *See F.T.C. v. Verity Int'l, Ltd.,* 443 F.3d 48, 65 (2d Cir. 2006) (issues raised for the first time in a reply brief are deemed waived).  That finding was alone dispositive of his claim for withholding of removal.  *See Steevenez v. Gonzales*, 476 F.3d 114, 117-18 (2d Cir. 2007); *see also* 8 C.F.R. § 1208.16(b)(3)(i).  Therefore, because the BIA reasonably found that Kazmi failed to establish a well-founded fear of persecution, it did not err in denying his claim for CAT relief because both claims were based on the same factual predicate.  *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).  In any event, the BIA reasonably found that Kazmi presented no evidence that he would be tortured by or with the acquiescence of the Pakistani government.  *See* 8 C.F.R. § 1208.18(a)(1).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition

4

is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
